[No. H035561. Sixth Dist. Mar. 22, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
SHISEOP KIM, Defendant and Appellant.

838

**Counsel**

Michael Mehr, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Eric D. Share and Jeffrey M. Bryant, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

## GROVER, J.*—

### 1. Introduction

Defendant Shiseop Kim was charged by complaint with felony battery causing serious bodily injury (count 1; Pen. Code, §§ 242, 243, subd. (d), 1192.7),[1] kidnapping (count 2; § 207, subd. (a)), and attempted dissuasion of a witness by threat of force (count 3; § 136.1, subd. (c)(1)). By written plea agreement, defendant pleaded no contest to count 1 and admitted the personal infliction enhancement on condition that he would receive a grant of formal probation and the remaining charges would be dismissed. At sentencing the trial court suspended imposition of sentence for three years and placed defendant on formal probation with the following conditions, among others: "You're ordered to obey all laws." "You shall seek and maintain gainful employment; that is, get a job, and maintain academic and/or vocational training as directed by your probation officer." "You shall not own, possess, have within your custody or control any firearm or ammunition for the rest of your life under Section[s] 12021 and 12316[, subdivision] (b)(1) of the Penal Code." In addition to a restitution fine and victim restitution, the court imposed "a $30 court security fee under Penal Code Section 1465.8" and "a criminal conviction assessment of $30 under [section] 70373 of the Government Code." Without objecting, defendant agreed that he understood and accepted all terms and conditions of probation.

■ On appeal, defendant asserts that the employment condition is not sufficiently related to defendant and his offense; the fee and assessment should not be conditions of probation; and the firearm and ammunition condition is lacking a scienter requirement. For the reasons stated below, we will modify and affirm the judgment after concluding that defendant has forfeited his challenge to the employment condition; the fee and assessment should be imposed separately from conditions of probation; and the firearm and ammunition condition contains an implicit knowledge requirement.

### 2. Sentencing

The facts giving rise to the charges do not appear in the record on appeal. Defendant's written plea agreement acknowledged that there was a factual basis for his plea in a police report that does not appear in the record on appeal. At the change of plea hearing, defense counsel waived referral of the

---

*Judge of the Monterey Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1] Unspecified section references are to the Penal Code.

case for an investigation and report by a probation officer. (§ 1203, subd. (b)(4).) A probation officer prepared a "waived referral" memorandum for sentencing that did not detail the offenses.

The probation memo recommended imposition of the following conditions, among others: "7. The defendant shall seek and maintain gainful employment and maintain academic and/or vocational training as directed by the Probation Officer." "9. The defendant shall not own, possess, or have within his/her custody or control any firearm or ammunition for the rest of his/her life pursuant to Sections 12021 and 12316[, subdivision] (b)(1) of the Penal Code." "12. A Court Security Fee of $30.00 be imposed pursuant to Section 1465.8 of the Penal Code." "14. A Criminal Conviction Assessment of $30.00 be imposed pursuant to Section 70373 of the Government Code."

At the sentencing hearing, defense counsel waived any irregularity in not receiving the probation memo five or nine days before the hearing. (§ 1203, subd. (b)(2)(E).) Defendant initialed many paragraphs of a written plea form, including, "I understand that the federal and state law prohibit [sic] a convicted felon from possessing firearms for life." Defense counsel did not object to any of the quoted probation conditions either before or after they were imposed.

### 3. THE FORFEITURE RULE

█ A probation condition that regulates conduct not itself criminal must reasonably relate to the underlying conviction or to future criminality. (*People v. Welch* (1993) 5 Cal.4th 228, 233–234 [19 Cal.Rptr.2d 520, 851 P.2d 802].) To challenge the reasonableness of a probation condition on appeal, a defendant must first raise the issue in the trial court. (*Id.* at p. 237; see *In re Sheena K.* (2007) 40 Cal.4th 875, 882 [55 Cal.Rptr.3d 716, 153 P.3d 282] (*Sheena K.*).)

Defendant argues that it was unreasonable under the circumstances of this case for the trial court to require defendant to seek and maintain employment because defendant was a student at the time of sentencing. Any challenge to the reasonableness of that probation condition was forfeited by defendant's failure to question it in the trial court. Defendant seeks to avoid forfeiture by describing this as a "pure issue of law," but whether it was reasonable to require defendant to seek and maintain employment depends on his particular circumstances, which are not in the appellate record. (Cf. *People v. Hodgkin* (1987) 194 Cal.App.3d 795, 808–811 [239 Cal.Rptr. 831] [trial court should take probationer's circumstances into account in imposing such a condition].) Appellate counsel states that defendant "may have been in school full-time" and notes a "lack of clarity on this point." Counsel's speculation as to

defendant's student status and his ability to work illustrates why defendant cannot challenge the condition's reasonableness on appeal without seeking its correction in the trial court.

██ While the forfeiture rule bars defendant's challenge to the employment condition, his other contentions fit within recognized exceptions. The forfeiture rule does not apply when a probation condition is challenged as unconstitutionally vague or overbroad on its face and the claim can be resolved on appeal as a pure question of law without reference to the sentencing record. (*Sheena K., supra*, 40 Cal.4th at pp. 888–889.) A defendant may also challenge for the first time on appeal the imposition of a fee as a probation condition when it is unauthorized as a matter of law and correctable without reference to factual findings. (*People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1402 [115 Cal.Rptr.3d 220] (*Pacheco*); *People v. Anderson* (2010) 50 Cal.4th 19, 26 [112 Cal.Rptr.3d 685, 235 P.3d 11]; see *Sheena K., supra*, at p. 887.) Accordingly we reach the merits of defendant's other claims.

### 4. FEES AND ASSESSMENTS AS PROBATION CONDITIONS

██ Section 1465.8, subdivision (a)(1), requires the court to impose a fee on every conviction "[t]o ensure and maintain adequate funding for court security." Government Code section 70373, subdivision (a)(1) requires the court to impose an assessment on every felony conviction "[t]o ensure and maintain adequate funding for court facilities."[2] Neither the fee nor the assessment challenged here is subject to automatic penalty assessments. (§ 1465.8, subd. (b); Gov. Code, § 70373, subd. (b).) Neither statute provides for considering a defendant's ability to pay, nor do they provide for imposing the fee or assessment as a probation condition. (Cf., e.g., § 1202.4, subd. (m) [restitution fine].)

██ In *Pacheco, supra*, 187 Cal.App.4th 1392, this court recently determined that payment of a court security fee should not be imposed as a probation condition. (*Id.* at p. 1403.) Such a fee, like the cost of probation supervision, is "collateral" to a defendant's crime and punishment. (*Id.* at p. 1402.) It is not oriented toward a defendant's rehabilitation but toward raising revenue for court operations. (*Id.* at p. 1403.) "[A] defendant may be imprisoned for violating a probation condition, but not for violating an order to pay costs and fees." (*Ibid.*) In light of *Pacheco*, the Attorney General reasonably agrees that the security fee should be separately imposed and not made a condition of probation.

---

[2] At the time of sentencing, the statutory fee and assessment were each $30. A statutory amendment has since increased the security fee to $40 effective on October 19, 2010 (Stats. 2010, ch. 720, § 33), with a reversion to $30 scheduled to take effect on July 1, 2011. (*Id.*, § 34.)

While *Pacheco* did not involve imposing a court facilities assessment under Government Code section 70373, in light of the parallel language of the statutes, the same result follows that the assessment should be separately imposed and not made a condition of probation.

## 5. THE FIREARM AND AMMUNITION CONDITION

Defendant asserts that "[t]he no-firearms condition the trial court imposed here does not satisfy the due process concept of fair warning. The absence of a knowledge requirement subjects him to unfair risk that his probation could be revoked for unknowingly transporting a gun or ammunition by driving a car in which a friend has ammunition in a bag or purse, unbeknownst to [defendant]."

■ Certainly, "[a] probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a [constitutional] challenge on the ground of vagueness. [Citation.] A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*Sheena K., supra*, 40 Cal.4th at p. 890.) However, where a probation condition implements statutory provisions that apply to the probationer independent of the condition and does not infringe on a constitutional right, it is not necessary to include in the condition an express scienter requirement that is necessarily implied in the statute.

■ In a variety of contexts, beginning with *People v. Garcia* (1993) 19 Cal.App.4th 97 [23 Cal.Rptr.2d 340] (*Garcia*), California appellate courts have found probation conditions to be unconstitutionally vague or overbroad when they do not require the probationer to have knowledge of the prohibited conduct or circumstances. In *Garcia*, a probation condition prohibiting association with " 'any felons, ex-felons, users or sellers of narcotics' " (*id.* at p. 100) was found to impinge on the probationer's "constitutional right of freedom of association" and accordingly had to be narrowly drawn (*id.* at p. 102). The Fifth District Court of Appeal rejected the contention that it was implicit that the condition would only be violated if the probationer knew of the other person's status, stating "the rule that probation conditions that implicate constitutional rights must be narrowly drawn, and the importance of constitutional rights, lead us to the conclusion that this factor should not be left to implication." (*Ibid.*)

In *People v. Lopez* (1998) 66 Cal.App.4th 615 [78 Cal.Rptr.2d 66] (*Lopez*), the Fifth District applied its reasoning from *Garcia* to a condition stating in

part that " '[t]he defendant is not to be involved in any gang activities or associate with any gang members' " (*id.* at p. 622) and concluded that the association prohibition "suffers from constitutionally fatal overbreadth because it prohibits Lopez from associating with persons not known to him to be gang members" (*id.* at p. 628). The court ordered the language modified to provide that " 'Defendant is not to be involved in or associate with any person known to defendant to be a gang member.' " (*Id.* at p. 638.)[3]

Since *Lopez*, it has become established that a probation condition prohibiting association with a type of person must include knowledge of the person's status. (E.g., *People v. Turner* (2007) 155 Cal.App.4th 1432, 1437 [66 Cal.Rptr.3d 803] [3d Dist.] [condition should prohibit association " 'with persons he knows or reasonably should know to be under the age of 18 unless accompanied by a responsible adult unrelated to defendant' "]; *In re Vincent G.* (2008) 162 Cal.App.4th 238, 247 [75 Cal.Rptr.3d 526] [3d Dist.] [condition prohibiting association " 'with any known gang member' " modified to " 'with any person whom you know, or whom the probation officer informs you, is a gang member' "]; *In re H.C.* (2009) 175 Cal.App.4th 1067, 1071 [96 Cal.Rptr.3d 793] [6th Dist.] [condition prohibiting association " 'with any known probationer, parolee, or gang member' " modified to " 'any person known to you to be on probation, on parole or a member of a criminal street gang' "]; *People v. Leon* (2010) 181 Cal.App.4th 943, 954 [104 Cal.Rptr.3d 410] [6th Dist.] (*Leon*) [condition modified to prohibit association " 'with any person you know to be or the probation officer informs you is a member of a criminal street gang' "].)

This reasoning has been applied to probation conditions prohibiting a probationer's extended presence in gang gathering areas. (*In re Vincent G., supra*, 162 Cal.App.4th at p. 241 [condition prohibiting presence in " 'areas known to be frequented by gang members' " modified to " 'areas that you know, or that the probation officer informs you, are frequented by gang members' "]; *In re H.C., supra*, 175 Cal.App.4th at p. 1072 [instead of proscribing " 'any areas of gang related activity,' " preferable "to name the actual geographic area" or prohibit visiting "any area known to him to be a place of gang-related activity"]; *Leon, supra*, 181 Cal.App.4th at p. 952 [condition that " 'You're not to frequent any areas of gang-related activity' " modified to " 'You are not to visit or remain in any specific location which you know to be or which the probation officer informs you is an area of criminal-street-gang-related activity.' "].)

A knowledge requirement has also been extended to probation conditions restricting the display of gang signs and the possession of gang paraphernalia.

---

[3] The original condition in *Lopez* prohibited involvement in gang activities. It is not clear why the appellate court's modification omitted reference to gang activities.

(*Lopez, supra,* 66 Cal.App.4th at p. 638 [condition modified to state: " 'He may not wear or possess any item of gang clothing known to be such by defendant including any gang insignia, moniker or pattern, jewelry with gang significance nor may he display any gang insignia, moniker or other markings of gang significance known to be such by defendant on his person or property as may be identified by law enforcement or the probation officer . . . .' "]; *In re Vincent G., supra,* 162 Cal.App.4th 238, 247–248 [condition modified to " 'You are not to possess, wear or display any clothing or insignias, emblems, badges, or buttons that you know, or that the probation officer informs you, are evidence of affiliation with or membership in a gang; nor display any signs or gestures that you know, or that the probation officer informs you, are gang gestures . . . .' "]; *Leon, supra,* 181 Cal.App.4th at p. 954 [condition modified to " 'You are not to possess, wear or display any clothing or insignia, tattoo, emblem, button, badge, cap, hat, scarf, bandanna, jacket, or other article of clothing that you know or the probation officer informs you is evidence of, affiliation with, or membership in a criminal street gang.' "].)

In each of the above situations, an express knowledge requirement is reasonable and necessary. The affiliations and past history of another person may not be readily apparent without some personal familiarity. Similarly, despite the presence of gang graffiti, sites of gang-related activity may not be obvious to all. And it takes some experience or training to identify what colors, symbols, hand signs, slogans, and clothing are emblematic of various criminal street gangs. However, there is no similar uncertainty about whether an item is a firearm or ammunition.

The decision in *In re Jorge M.* (2000) 23 Cal.4th 866 [98 Cal.Rptr.2d 466, 4 P.3d 297] supports this conclusion. In that case, the Supreme Court was required to ascertain the elements of a new offense prohibited by the Roberti-Roos Assault Weapons Control Act of 1989 (§§ 12275–12290). Section 12280, subdivision (b) prohibits possession of an "assault weapon" as defined elsewhere in the act. "That the statute contains no reference to knowledge or other language of mens rea is not itself dispositive. . . . [T]he requirement that, for a criminal conviction, the prosecution prove some form of guilty intent, knowledge, or criminal negligence is of such long standing and so fundamental to our criminal law that penal statutes will often be construed to contain such an element despite their failure expressly to state it." (*In re Jorge M., supra,* at p. 872.)

The court noted by analogy that laws prohibiting the possession of controlled substances have consistently been construed to require knowledge of the character of the substance possessed, despite the absence of express

mens rea language in those statutes. (*In re Jorge M., supra*, 23 Cal.4th at p. 877.) Based on these and other considerations, the court concluded that section 12280, subdivision (b) must be construed as requiring the prosecution to prove a defendant knew or reasonably should have known the firearm possessed the characteristics of an assault weapon. (*In re Jorge M., supra*, at p. 887.)

■ The challenged probation condition in this case explicitly references sections 12021 and 12316.[4] *People v. Jeffers* (1996) 41 Cal.App.4th 917, 922 [49 Cal.Rptr.2d 86] (*Jeffers*) described the elements of section 12021 as "conviction of a felony and ownership, possession, custody or control of a firearm. [Citations.] Knowledge is also an element of the offense. (*People v. Snyder* (1982) 32 Cal.3d 590, 592 [186 Cal.Rptr. 485, 652 P.2d 42].)" Further, "[w]rongful intent must be shown with regard to the possession and custody elements of the crime of being a felon in possession of a firearm. (*People v. Snyder, supra*, 32 Cal.3d at p. 598.) A person who commits a prohibited act 'through misfortune or by accident, when it appears that there was no evil design, intention or culpable negligence' has not committed a crime. (§ 26.) Thus, a felon who acquires possession of a firearm through misfortune or accident, but who has no intent to exercise control or to have custody, commits the prohibited act without the required wrongful intent." (*Jeffers, supra*, 41 Cal.App.4th at p. 922.) Implicit in the crime of possession of a firearm is that a person is aware both that the item is in his or her possession and that it is a firearm. We believe the same is true of a probation condition prohibiting possession of a firearm, and, by logical extension, possession of ammunition.

The Third District Court of Appeal reached a different conclusion in *People v. Freitas* (2009) 179 Cal.App.4th 747, 752 [102 Cal.Rptr.3d 51] (*Freitas*) regarding a probation condition prohibiting the possession of firearms and ammunition. Looking to both *Jeffers* and the standard jury instruction designed for use with section 12021 (CALCRIM No. 2510), the court observed that proof of knowledge is required, despite the absence of an express reference in the statute. Apparently concerned that a probation condition might be interpreted differently than the statute from which it derives, the *Freitas* court concluded that the probation condition must specify a knowledge requirement, even though the statute need not. In light of *Freitas*, the Attorney General concedes that the probation condition in this case should be similarly modified.

---

[4] Section 12021, subdivision (a) makes it a crime when a convicted felon "owns, purchases, receives, or has in his or her possession or under his or her custody or control any firearm." Section 12316, subdivision (b)(1) provides that a person who is prohibited from owning or possessing a firearm by section 12021 shall not "own, possess, or have under his or her custody or control, any ammunition or reloaded ammunition."

■ We are not required to accept the Attorney General's concession (*People v. Alvarado* (1982) 133 Cal.App.3d 1003, 1021 [184 Cal.Rptr. 483]) nor are we required to adopt the result in *Freitas*. As this court stated in *Greyhound Lines, Inc. v. County of Santa Clara* (1986) 187 Cal.App.3d 480, 485 [231 Cal.Rptr. 702]: "We acknowledge we are not bound by an opinion of another District Court of Appeal, however persuasive it might be. [Citation.] We respect stare decisis, however, which serves the important goals of stability in the law and predictability of decision. Thus, we ordinarily follow the decisions of other districts without good reason to disagree." Here, we respectfully disagree with the conclusion of *Freitas*, as we see no reason to give a probation condition implementing section 12021 a different interpretation than the underlying statute has already received.[5]

■ Probation conditions must be narrowly tailored to avoid infringing on a probationer's constitutional rights, but as the *Freitas* court correctly pointed out, a convicted felon has no constitutional right to bear arms. (*Freitas, supra,* 179 Cal.App.4th at p. 751.) The Second Amendment should not be understood "to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." (*District of Columbia v. Heller* (2008) 554 U.S. 570, 626 [171 L.Ed.2d 637, 128 S.Ct. 2783]; see *McDonald v. City of Chicago* (2010) 561 U.S. ___ [177 L.Ed.2d 894, 130 S.Ct. 3020].) Because no constitutional right is at stake, *Garcia*'s concern about an implicit knowledge requirement is inapplicable. "When the reason of a rule ceases, so should the rule itself." (Civ. Code, § 3510.) The function served by an express knowledge requirement should not be extended beyond its logical limits. Superfluity may not vitiate (*id.,* § 3537), but neither does it enlighten.

■ We conclude that the conduct proscribed by sections 12021 and 12316 is coextensive with that prohibited by a probation condition specifically implementing those statutes. As the statutes include an implicit knowledge requirement, the probation condition need not be modified to add an explicit knowledge requirement.

## 6. Disposition

The oral order of March 11, 2010, is modified to reflect that the court security fee imposed under Penal Code section 1465.8 and the court facilities

---

[5] Indeed, though it is not asserted in this case, arguably under the probation condition requiring defendant to "obey all laws," probation could be revoked for violating section 12021 or section 12316 without any reliance on the condition challenged here.

assessment imposed under Government Code section 70373 are separate orders and not conditions of probation.[6] As so modified, the judgment is affirmed.

Premo, Acting P. J., and Elia, J., concurred.

---

[6] There is no abstract of judgment or minutes that specifically provide that these fees are probation conditions, so no further modification of the record is required.