Filed 9/18/14  P. v. Alvarez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039598 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1349346) |
| v. | |
| ROMEO ALVAREZ, | |
| Defendant and Appellant. | |

Pursuant to a plea bargain, Romeo Alvarez pleaded no contest to violating Penal Code section 273.5, subdivision (a),[1] (infliction of corporal injury upon his child's mother) in exchange for the grant of formal probation for three years, which included domestic violence conditions and a 10-month county jail term.  On appeal, defendant Alvarez challenges three probation conditions imposed upon him, specifically a weapons condition, a warrantless search condition, and a controlled substances condition.

We shall modify two of the challenged conditions and, as modified, affirm.

I

*Procedural History*

The probation report summarized the offense to which defendant had pleaded. The 26-year-old victim (victim), who had been dating defendant for two years, the infant daughter of the victim and defendant, and the victim's mother (mother) were staying in a motel room rented for them by the mother.  The defendant, who was present, became

---

[1]     All statutory references are to the Penal Code unless otherwise specified.

angry upon learning that the victim's friends had been in the motel room earlier; he left and then, a few minutes later, stormed back in. The victim was standing near the foot of the bed on which their baby was lying. Defendant swung a closed fist at the victim, hitting her on the right side of her face. He pushed her onto the bed and got on top of her. The mother jumped on top of defendant, scratching him and trying to pull him off the victim. During the altercation, mother was hit on the right side of her face by defendant's hand or elbow. Defendant left the motel room.

The mother told responding police that defendant had hit the victim numerous times in the past, including when the victim was holding their baby. The victim was crying. The victim complained of pain on the left side of her head and bruises underneath her chin but she refused medical attention at the scene.

While the police were still present, defendant sent the victim several text messages in which he threatened to kill her. He texted the following. "Your f---in dead bitch fdont show ur fat ass face around me everagain i swear ill f—kin kill u." "Bitch who said ur gona be aeound to see [R.] grow up?" "U think this shit is funny huh well jus watch ur f—kin bak cuz im really gona f—kin kill u keep that weed n knife thats the last thing u getting frm me."[2]

The probation report states that, following the incident, it was discovered that defendant previously had been convicted of violating section 273.5, subdivision (a). The victim in this case was also the victim of the prior offense. At the time of the present offense, defendant's probation had been revoked in the prior case for failing to comply with probation and there was an outstanding, no-bail bench warrant for defendant's arrest.

---

[2] Misspelling are in original document.

In his statement to the probation officer, defendant admitted to smoking marijuana every weekend since 2010. The defendant had attended seven sessions of the 52-week domestic violence class that he had been required to complete after his conviction of the prior offense. In addition, defendant had attended a one-day marijuana class in 2010 after being stopped and found in possession of marijuana. "When asked why he smokes marijuana, he said stress, primarily due to dealing with his 'crazy baby's mama' (the victim)."

The probation officer was "not opposed to the conditional plea . . . ." The probation report recommended probationary terms and conditions.

In the court below, defendant objected to a number of the recommended probation conditions, including the weapons condition, the warrantless search condition, and the controlled substance condition, on the grounds that they were unreasonable under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*) and unconstitutionally overbroad and vague. At the time of sentencing, the court suspended imposition of sentence, granted three years of formal probation, and imposed a 300-day probationary term in county jail with a total of 117 days credit. It also imposed, among other conditions, the three conditions presently challenged by defendant.

The trial court found that the weapons condition was appropriate since the defendant had made "clear and vulgar threats" against the victim, including threats to kill. The court found the search condition was appropriate given the weapons condition. Since defendant had admitted to using marijuana to deal with the victim, the court imposed a condition forbidding possession or consumption of illegal controlled substances, including marijuana.

## II

*Discussion*

A. *Weapons Condition*

As a condition of probation, the trial court ordered: "Defendant shall not possess any item that under the law would be considered a deadly or dangerous weapon during the period of probation."

1. *Weapons Condition is Reasonable*

Defendant now argues, as he did below, that a weapons condition was unreasonable. He claims the condition has no relationship to the crime of which he was convicted because he used only his fists during the incident and domestic violence does not necessarily involve the use of a weapon. He claims the weapon condition cannot be justified on the basis of preventing future criminality because there is no basis for concluding he would carry out his threats against the victim with a deadly or dangerous weapon and there is no evidence in the record that he has ever committed a crime involving the use of a weapon. Defendant also argues that, even though one of his text messages mentioned a knife, "nothing in the text message indicates that the knife itself is of a type that would qualify as a deadly or dangerous weapon." He also points out the text message indicates that the victim now has the knife.

"We review conditions of probation for abuse of discretion. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1121; *People v. Welch* (1993) 5 Cal.4th 228, 233.) Generally, '[a] condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. . . ." [Citation.]' (*Lent*, *supra*, 15 Cal.3d at p. 486.) This test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term. (*Id.* at p. 486, fn. 1; see also *People v. Balestra* (1999) 76 Cal.App.4th 57, 68-69 . . . (*Balestra*).) As such, even if a condition of probation has no relationship to

the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality. (See *Carbajal*, *supra*, 10 Cal.4th at 1121.)" (*People v. Olguin* (2008) 45 Cal.4th 375, 379-380 (*Olguin*).) "As with any exercise of discretion, the sentencing court violates this standard when its determination is arbitrary or capricious or ' " 'exceeds the bounds of reason, all of the circumstances being considered.' " [Citations.]' (*People v. Welch*, *supra*, 5 Cal.4th at p. 233.)" (*People v. Carbajal*, *supra*, 10 Cal.4th at p. 1121.)

Defendant acknowledges that broad discretion is conferred upon a trial court in imposing probation conditions. Here, the defendant was threatening to kill the victim in the future. Since such weapons might be used to carry out those threats, the court's imposition of a condition forbidding defendant from possessing deadly or dangerous weapons does not exceed the bounds of reason. The circumstances that defendant did not specifically threaten to kill the victim with a deadly or dangerous weapon and that defendant might not have previously used or possessed such a weapon do not render the condition arbitrary or capricious.

2. *Unconstitutional Vagueness*

Citing *In re Sheena K.* (2007) 40 Cal.4th 875 (*Sheena K.*), defendant maintains that the weapons condition is unconstitutionally vague. He asks this court to modify the weapons probation condition to add a knowledge requirement so that it reads: "Defendant shall not *knowingly* possess any item that under the law would be considered a deadly or dangerous weapon during the period of probation."

"A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness. [Citation.]" (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' (*People v. Castenada* (2000) 23 Cal.4th

5

743, 751.)  The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' (*ibid*.), protections that are 'embodied in the due process clauses of the federal and California Constitutions.  (U.S. Const., Amends. V, XIV; Cal. Const., art. I, § 7).' (*Ibid*.)" (*Ibid*.)

"The vagueness doctrine bars enforcement of ' " a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." [Citations.]' [Citation.] A vague law 'not only fails to provide adequate notice to those who must observe its strictures, but also "impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." [Citation.]' [Citation.]  In deciding the adequacy of any notice afforded those bound by a legal restriction, we are guided by the principles that 'abstract legal commands must be applied in a specific *context*,' and that, although not admitting of 'mathematical certainty,' the language used must have ' "*reasonable* specificity." ' [Citation.]" (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.)

Potentially vague statutes may withstand constitutional challenges through clarifying or narrowing judicial construction.  (See *Pryor v. Municipal Court* (1979) 25 Cal.3d 238, 253; *U.S. v. Lanier* (1997) 520 U.S. 259, 266 [117 S.Ct. 1219]; *Arave v. Creech* (1993) 507 U.S. 463, 471 [113 S.Ct. 1534].)  "A statute that requires scienter 'mitigate[s]' the vagueness of its other terms by helping to ensure that the defendant had adequate notice and by guarding against capricious enforcement through the requirement that he actually have intended the conduct which the statute seeks to guard against. [Citations.]" (*Wright v. New Jersey* (1985) 469 U.S. 1146, 1152, fn. 5 [105 S.Ct. 890].)

A trial court's clarification of a potentially vague probation condition might also prevent unconstitutional vagueness.  (See *Sheena K.*, *supra*, 40 Cal.4th at p. 891.)  The language of probation conditions, even concerning the same subject, varies enormously from case to case and it does not always correspond to a statutory crime that has been

construed in a way that renders it constitutional.  Consequently, it may be necessary to modify probation conditions to render them constitutionally certain.

The probation condition at issue in *Sheena K.* prohibited Sheena from associating with anyone whom probation disapproved.  (*Sheena K.*, *supra*, 40 Cal.4th at p. 880.)  That "condition did not notify defendant in advance with whom she might not associate through any reference to persons whom defendant knew to be disapproved of by her probation officer."  (*Id*. at pp. 891-892.)  The Supreme Court agreed that "modification to impose an explicit knowledge requirement is necessary to render the condition constitutional.  (See, e.g., *In re Justin S*. (2001) 93 Cal.App.4th 811, 816 [probation condition modified to forbid the minor's association ' "with any person known to you to be a gang member" ']; *People v. Lopez* (1998) 66 Cal.App.4th 615, 624, fn. 5 [condition of probation modified to prohibit defendant from associating ' "with any person known to defendant to be a gang member" ']; *People v. Garcia* (1993) 19 Cal.App.4th 97, 103 [condition of probation modified to provide that the defendant 'is not to associate with persons he knows to be users or sellers of narcotics, felons, or ex-felons'].)"  (*Id*. at p. 892.)

The probation condition at issue in this case does not suffer from the same deficiency addressed in *Sheena K*.  A vagueness problem may arise when a probation condition imposes restrictions on a probationer's conduct with respect to a category whose members may not be evident to a probationer, for example, a condition that prohibits association with a class of persons (e.g., felons, drug users, gang members), possession of a class of objects (e.g.; gang or drug paraphernalia, sexually explicit media), or visits to a particular type of area (e.g.; where children congregate or gang-related activity occurs).  (See, e.g., *People v. Moses* (2011) 199 Cal.App.4th 374, 377; *People v. Leon* (2010) 181 Cal.App.4th 943, 949-952; *People v. Garcia* (1993) 19 Cal.App.4th 97, 102-103.)  Absent knowledge that a particular person, object, or place

falls within the category, the probationer may not be on notice that he is violating probation in a specific instance.

Here, defendant is not claiming that the category of "deadly or dangerous weapons" is unconstitutionally vague. He does not complain that he does not know what items he may not possess. Rather, defendant envisions a situation where he is completely unaware that a passenger in his car possesses a deadly or dangerous weapon and he is found in violation of this probation condition. He is in essence making the very different argument that the condition is unconstitutionally vague because it does not spell out the requisite mental state that would result in a violation under the circumstances hypothesized.

The People dismiss defendant's concern that "he might unknowingly violate" the condition. They believe his concern is "overstated" because the prosecution must prove that he willfully violated the condition. We agree that, as a general rule, "[a] court may not revoke probation unless the evidence supports 'a conclusion [that] the probationer's conduct constituted a willful violation of the terms and conditions of probation.' (*People v. Galvan* (2007) 155 Cal.App.4th 978, 982 . . . .)" (*People v. Cervantes* (2009) 175 Cal.App.4th 291, 295.)

Even accepting that the government must ordinarily prove that a probation violation was "willful," we cannot agree that proof of willfulness necessarily demands, with regard to the prohibited possession, proof that defendant knew of the object's presence and its qualifying nature.[3] The ordinary meaning of "willful" is something

---

[3] In some instances, probation conditions have required only constructive knowledge rather than actual knowledge and, as a result, the conditions may be violated by negligent conduct. (See, e.g.; *People v. Mendez* (2013) 221 Cal.App.4th 1167, 1172 ["reasonably should know" or "have reason to know"].) This case does not reach the separate question whether such a condition is reasonable under *Lent, supra,* 15 Cal.3d at page 486. Certainly, a probation condition prohibiting knowing possession of deadly or dangerous weapons is consistent with and reasonably serves the rehabilitative and protective purposes of the probation. (See §§ 1202.7, 1203.1, subd. (j).)

"done deliberately" and "not accidental."  (See Webster's 3d Internat. Dict. (1993) p. 2617.)  When the word "willfully" is used in the Penal Code with respect "to the intent with which an *act* is done or omitted," it ordinarily "implies simply a purpose or willingness to commit the *act*, or make the omission referred to."  (§ 7, subd. 1, italics added.)  "The word 'willfully' as generally used in the law is a synonym for 'intentionally,' i.e., the defendant intended to do the *act* proscribed by the penal statute."  (*People v. Lewis* (2004) 120 Cal.App.4th 837, 852, italics added.)

" 'Willfully implies no evil intent; " 'it implies that the person knows what he is doing, intends to do what he is doing and is a free agent.' [Citation.]" '  (*People v. Bell* (1996) 45 Cal.App.4th 1030, 1043; see also *In re Trombley* (1948) 31 Cal.2d 801, 807.)  The use of the word 'willfully' in a penal statute usually defines a general criminal intent, absent other statutory language that requires 'an intent to do a further act or achieve a future consequence.' [Citations.]"  (*People v. Atkins* (2001) 25 Cal.4th 76, 85.)  With regard to the general intent crime of arson, for example, "the setting of the fire must be a deliberate and intentional act, as distinguished from an accidental or unintentional ignition or act of setting a fire . . . ."  (*Id.* at p. 88.)

"Willfully" and "knowingly" have separate definitions in the Penal Code. "[U]nless otherwise apparent from the context," as used in the Penal Code, "[t]he word 'knowingly' imports only a knowledge that the facts exist which bring the act or omission within the provisions of this code" and "[i]t does not require any knowledge of the unlawfulness of such act or omission."  (§ 7, subd. 5.)  A statutory requirement of willfulness does not necessarily require the prosecution to prove that the perpetrator knew all the salient facts.  Our sampling of cases indicates that the words "willful" or "willfully" do not have a uniform legal definition and the precise meaning of those terms when used in a statute depends upon statutory construction.  (See, e.g., *People v. Garcia* (2001) 25 Cal.4th 744, 752 [willful omission requires knowledge of legally required act]; *People v. Simon* (1995) 9 Cal.4th 493, 522 [willful violation requires either knowledge or

criminal negligence in failing to acquire knowledge]; *People v. Gonda* (1982) 138 Cal.App.3d 774, 779 [willful violation does not require knowledge or any other criminal intent].)

Since the word "willfully" lacks a universal meaning, the general requirement of proof of willfulness to establish a violation of a probation condition may not protect a defendant against the risk of unwitting violations in all situations. With respect to a weapons probation condition, for example, a defendant might be carrying his personal backpack, in which, unbeknownst to him, someone has placed a weapon. A defendant might wear a borrowed jacket that, unbeknownst to him, happens to have a knife in its pocket. Further, in theory, a defendant could physically possess a gun that he genuinely believes is a toy but is actually a real weapon. In these scenarios, defendant may have acted willfully or intentionally with regard to the act of possession. Without an express knowledge requirement, there exists an ambiguity regarding the necessary mental state required to violate the condition.

The People nevertheless insist that it is unnecessary to add an express knowledge requirement. They cite *People v. Rodriguez* (2013) 222 Cal.App.4th 578 (*Rodriguez*), *People v. Kim* (2011) 193 Cal.App.4th 836 (*Kim*), and *People v. Moore* (2012) 211 Cal.App.4th 1179 (*Moore*).

In *Moore*, *supra*, 211 Cal.App.4th 1179, the appellate court stated: "When a probationer lacks knowledge that he is in possession of a gun or weapon, his possession cannot be considered a willful violation of a probation condition. (*People v. Patel* (2011) 196 Cal.App.4th 956, 960.)"[4] (*Id*. at p. 1187.) We respectfully disagree with *Moore*'s

---

[4]    In *People v. Patel supra*, 196 Cal.App.4th 956, an authority cited by *Moore*, the Court of Appeal, Third District, indicated it had wearied of continuing challenges to probation conditions and declared: "We construe every probation condition proscribing a probationer's presence, possession, association, or similar action to require the action be undertaken knowingly. It will no longer be necessary to seek a modification of a probation order that fails to expressly include such a scienter requirement." (*Id*. at

10

assessment that a knowledge requirement is " 'manifestly implied' " in a probation condition prohibiting possession of weapons. (See *id*. at p. 1185.) To the extent other cases accept such reasoning, we disagree with them. Given the various meanings ascribed to the word "willful" in the criminal law and its dictionary meaning, it is not clear that a requirement of knowledge is necessarily subsumed in the requirement that a probation violation be willful.

Moreover, the decisions of *Rodriguez* and *Kim* can be distinguished because the probation conditions at issue in those cases referred to at least one specific Penal Code provision. In *Rodriguez*, the weapons probation condition required the defendant to " '[n]ot possess, receive or transport any firearm, ammunition or any deadly or dangerous weapon [and] [i]mmediately surrender any firearms or ammunition you own or possess to law enforcement. (*PC 12021*)' "[5] (*Rodriguez*, *supra*, 222 Cal.App.4th at pp. 589- 590, italics added.) This court reasoned in *Rodriguez*: "The weapon possession condition in this case was obviously designed to reinforce general prohibitions against possessing a variety of deadly weapons as well as specific restrictions on felons possessing firearms and ammunition. It follows that the condition has the same implicit scienter requirements

---

pp. 960-961.) A number of courts, including this court and *Moore*, declined to follow *Patel's* global pronouncement. (See *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1351 [Sixth Dist.]; *Moore*, *supra*, 211 Cal.App.4th at p. 1188, fn. 7 [Second Dist., Div. 3]; *People v. Moses* (2011) 199 Cal.App.4th 374, 381 [Fourth Dist., Div. 3].) It is the superior courts' duty to impose constitutional probation conditions and it is the reviewing courts' responsibility to remedy constitutional defects properly raised on appeal. (See *Sheena K.*, *supra*, 40 Cal.4th at pp. 877-889.)

[5] Former section 12021 made it a crime for certain persons to possess a firearm. (See Stats. 2011, ch. 15, § 501.5, p. 508; see also Stats. 2008, ch. 599, § 4, pp. 3423-3426.) At the time the condition in *Rodriguez* was imposed, former section 12021 had been repealed. (*Rodriguez*, *supra*, 222 Cal.App.4th at p. 591.) Provisions of former section 12021 were continued without substantive change in other statutes. (See, e.g.; §§ 29800, 29805, 29810, 29815, 29820, 29825; Cal. Law Revision Com. com, 51D, Pt.4 West's Ann. Pen. Code (2012 ed.) foll. §§ 29800, 29805, 29810, 29815, 29820, 29825, pp. 194, 237, 242-243, 245, 247.)

as the statutes it implements.  The mental element is constitutionally clear without being explicit."  (*Rodriguez*, *supra*, at p. 592.)

In *People v. Kim*, *supra*, 193 Cal.App.4th 836, this court explained that "[i]n a variety of contexts, . . . California appellate courts have found probation conditions to be unconstitutionally vague or overbroad when they do not require the probationer to have knowledge of the prohibited conduct or circumstances."  (*Id*. at p. 843.)  Nevertheless, the court concluded that it was unnecessary to add an express knowledge requirement to the probation condition being challenged in that case:  " 'You shall not own, possess, have within your custody or control any firearm or ammunition for the rest of your life under Section[s] 12021 and 12316 [subdivision] (b)(1) of the Penal Code.' "[6]  (*Id*. at p. 840.)  The court stated: "[T]he conduct proscribed by sections 12021 and 12316 is coextensive with that prohibited by a probation condition specifically implementing those statutes.  As the statutes include an implicit knowledge requirement, the probation condition need not be modified to add an explicit knowledge requirement."  (*Id*. at p. 847.)

Unlike the weapons probation conditions at issue in *Rodriguez* or *Kim*, the weapons probation condition in this case did not reference a Penal Code section.  Neither have the People shown that the trial court intended to prohibit only criminal conduct involving a deadly or dangerous weapon, in which case the probation condition would implicitly incorporate the knowledge element of such crimes.  It bears repeating that probation conditions may regulate or prohibit otherwise lawful conduct (see *Olguin*, *supra*, 45 Cal.4th at pp. 379-380) and the mental states required for violation of criminal statutes are not automatically incorporated into such conditions.

---

[6]     Former section 12316 made it a crime for certain persons to possess ammunition.  (Stats. 2009, ch. 628, § 5, pp. 3162-3163.)  Those provisions were continued without substantive change in another statute.  (See § 30305; Cal. Law Revision Com. com, 51D, Pt.4 West's Ann. Pen. Code (2012 ed.) foll. § 30305, p. 284.)

As *Sheena* made clear, a probation condition must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated. (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) The language of the challenged weapons probation condition, understood in its ordinary sense, does not clearly include a knowledge requirement. To prevent arbitrary enforcement and provide clear notice of what conduct will constitute a violation, we will modify the weapons condition to add a knowledge requirement so that it reads: "Defendant shall not knowingly possess any item that under the law would be considered a deadly or dangerous weapon during the period of probation."

B. *Search Condition*

As a condition of probation, the court ordered: "Defendant shall submit his person, place of residence, vehicle, and any property under his control to a search at any time without a warrant by a peace officer." Defendant argues that this condition is unreasonable because it does not relate to his crime or future criminality. He relies upon three outdated cases: *People v. Burton* (1981) 117 Cal.App.3d 382 (*Burton*); *In re Martinez* (1978) 86 Cal.App.3d 577 (*Martinez*); and *People v. Keller* (1978) 76 Cal.App.3d 827(*Keller*), disapproved on another ground in *People v. Welch supra*, 5 Cal.4th at page 237.

In *Keller*, the appellate court reversed a conviction of possession of heroin predicated upon evidence obtained during a search under a probation condition imposed when defendant was previously convicted of petty theft of a ballpoint pen. (*Keller*, *supra*, 76 Cal.App.3d at pp. 830, 838-840.) Although there was evidence of past unlawful possession of marijuana and heroin use, the court emphasized that "[n]o facts connected the theft of the ballpoint pen with narcotics activities" and "no facts point to the theft as a means to 'feed' some unspecified drug craving." (*Id*. at p. 831.) The appellate court believed a probation condition had to be "reasonable in proportion" to the seriousness of the crime committed. (*Id*. at p. 838.) It concluded that the search

condition was unreasonable with respect to the petty "theft of a 49-cent ballpoint pen." (*Id*. at p. 840.)

In *Martinez*, *supra*, 86 Cal.App.3d 577, petitioner Martinez pleaded guilty to battery upon a police officer. (*Id*. at p. 578.) The offense occurred when "two uniformed police officers were attempting to impound an illegally parked vehicle" and "[a] crowd of approximately 50 young males and females began to form, yelling obscenities and throwing beer cans and bottles." (*Id*. at p. 579.) Defendant threw a beer bottle at a police vehicle. (*Ibid*.) The trial court imposed a probation condition requiring defendant to "submit to warrantless searches of his person or property by law enforcement officers." (*Ibid*.)

The appellate court in *Martinez* concluded that the search condition was not related to the defendant's crime because he had not concealed any weapon. (*Martinez*, *supra*, 86 Cal.App.3d at p. 582.) As to future criminality, the appellate court noted that *Keller* had added "an overall requirement of reasonableness in relation to the seriousness of the offense for which defendant was convicted." (*Id*. at p. 583.) It found "the *Keller* court's approach" to be "sound." (*Ibid*.) After observing that the crime was of "only misdemeanor gravity" and "nothing in the defendant's past history or in the circumstances of the offense indicate[d] a propensity on the part of the defendant to resort to the use of concealed weapons in the future" (*ibid*.), the court concluded the search condition was unreasonable. (*Id*. at p. 584.)

In *Burton*, *supra*, 117 Cal.App.3d 382, the defendant was convicted of aggravated assault (former § 245, subd. (a)) following a jury trial. (*Burton*, *supra*, 117 Cal.App.3d at pp. 386, 390.) The defendant had severely beaten a coworker with a lead pipe after a disagreement. (*Id*. at p. 385.) The appellate court struck a warrantless search condition imposed by the trial court. (*Id*. at p. 391.) It explained: "While in the case at bench the record reveals that appellant tried to conceal the pipe, the deadly weapon, after the commission of the crime, there is no showing whatsoever that the weapon was smuggled

14

in by the appellant or that it was concealed by him prior to the perpetration of the assault. Furthermore, nothing in appellant's past history or the circumstances of the present offense indicate a propensity on appellant's part that he would resort to the use of concealed weapons in the future. Under these circumstances it cannot be said that the condition of a warrantless search reasonably relates to the prevention of appellant's future criminality. (Cf. *In re Martinez*, *supra*, 86 Cal.App.3d 577 at p. 583.)" (*Ibid*.)

While the California Supreme Court has not explicitly overruled those cases, they have been undermined. In *People v. Balestra* (1999) 76 Cal.App.4th 57, the same appellate court that had previously decided *Keller* upheld a search condition requiring the defendant to "submit her person and property to search with or without probable cause . . . ." (*Id*. at p. 61; id. at pp. 66-68.) The appellate court stated: "It is clear that *Keller* is inconsistent with the Fourth Amendment jurisprudence since the date of that decision. As our Supreme Court has recently (and repeatedly) made clear, a warrantless search condition is intended to ensure that the subject thereof is obeying the fundamental condition of all grants of probation, that is, the usual requirement (as here) that a probationer 'obey all laws.' Thus, warrantless search conditions serve a valid rehabilitative purpose . . . ." (*Id*. at p. 82.)

The Supreme Court made clear in *Olguin* that a search condition may be imposed to ensure compliance with another condition of probation and to facilitate effective probation supervision. (*Olguin*, *supra*, 45 Cal.4th at pp. 380-381.) In rejecting defendant Olguin's contention that the condition requiring him to notify his probation officer of any pets was unreasonable (*ibid*.), the court stated: "[P]robation conditions authorizing searches 'aid in deterring further offenses . . . and in monitoring compliance with the terms of probation. [Citations.] By allowing close supervision of probationers, probation search conditions serve to promote rehabilitation and reduce recidivism while helping to protect the community from potential harm by probationers.' (*People v. Robles* (2000) 23 Cal.4th 789, 795.) A condition of probation that enables a probation officer to

15

supervise his or her charges effectively is, therefore, 'reasonably related to future criminality.' [Citations.]" (*Ibid*.) The court confirmed that "[p]roper [probationary] supervision includes the ability to make unscheduled visits and to conduct unannounced searches of the probationer's residence." (*Id*. at p. 381; see *id*. at p. 382.)

Under the circumstances of this case, the warrantless search condition is reasonably related to the prevention of future criminality because it deters defendant from violating the law, facilitates probationary supervision, and promotes defendant's compliance with the weapons condition, which is valid.

C.  *Controlled Substances Condition*

As a condition of probation, the trial court ordered:  "Defendant shall not possess or consume illegal controlled substances including marijuana while he is on probation." Defendant maintains that the controlled substances condition is unconstitutionally vague and must be modified to add a scienter requirement.  Defendant is not claiming that the word "possesses" or "consumes" as used in the probation condition is unconstitutionally vague.

As with the weapons condition, defendant is concerned that he could inadvertently violate the condition.  Defendant suggests, for example, that he "could unknowingly consume a marijuana-laced brownie."  Defendant hypothesizes that a passenger in his car might possess an illegal controlled substance without defendant's knowledge.  He asks this court to add the word "knowingly" so that the condition reads:  "Defendant shall not *knowingly* possess or consume illegal controlled substances including marijuana while he is on probation."

If the probation condition referred to only possession of "illegal controlled substances," we might have inferred that the condition prohibited only criminal conduct and the knowledge element of those crimes was implicitly incorporated in the probation condition.  (Cf. *People v. Kim*, *supra*, 193 Cal.App.4th 836; see, e.g.; Health & Saf. Code, §§ 11350, 11357, 11375, 11377.)  But the condition prohibits the possession of

16

marijuana, whose medical use may be permissible under California law. (See, e.g.; Health & Saf. Code, §§ 11362.5, subd. (d), 11362.765, 11362.775.) Further, the probation condition prohibits the *consumption* of "illegal controlled substances including marijuana while he is on probation" and this aspect of the condition does not appear to correspond to any criminal statute. Accordingly, we cannot conclude that the condition refers to only violations of criminal law from which the requisite mental state may be derived.

For all the reasons discussed in connection with the weapons condition, we find it appropriate to add a knowledge requirement to avoid any unconstitutional vagueness.

DISPOSITION

The weapons condition is modified to provide: "Defendant shall not knowingly possess any item that under the law would be considered a deadly or dangerous weapon during the period of probation."

The controlled substances condition is modified to provide: "Defendant shall not knowingly possess or consume illegal controlled substances including marijuana while he is on probation."

With the foregoing modifications, the judgment is affirmed.

_____

ELIA, J.

WE CONCUR:


_____

RUSHING, P. J.


_____

PREMO, J.