Filed 9/30/16  P. v. Ramirez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G052845 |
| v. | (Super. Ct. No. 15CF0826) |
| MORRIS RAMIREZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Gassia Apkarian, Judge.  Affirmed as modified.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Elizabeth M. Kuchar, Deputy Attorneys General, for Plaintiff and Respondent.

THE COURT:[*]

Defendant Morris Ramirez pleaded guilty to: (1) one count of felony resisting arrest (Pen. Code, § 69); (2) two counts of misdemeanor resisting arrest (Pen. Code, § 148, subd. (a)(1)); and (3) one count of misdemeanor public intoxication (Pen. Code, § 647, subd. (f)). The court struck a prior strike in the interest of justice. The court then suspended imposition of sentence and placed defendant on three years of formal probation, with 364 days time already served in Orange County jail (182 actual time, 182 good time/work time credits).

Among various fines and fees imposed at sentencing, the court ordered defendant: (1) to pay a court operations assessment of $40 per conviction (Pen. Code, § 1465.8); and (2) to pay a court facilities assessment of $30 per conviction (Gov. Code, § 70373, subd. (a)(1)).

The sole issue raised on appeal by defendant is whether the judgment should be modified to reflect that the court operations assessment and the court facilities assessment are separate orders and not conditions of probation. The Attorney General concedes that the judgment should be modified because the court's oral pronouncement of judgment and the standard form utilized in this case ("Terms and Conditions of Felony Probation and Mandatory Supervision") both create the misimpression that paying the court assessments ($280 total) is a condition of probation.

We agree with the parties' analysis. These assessments should not be imposed as conditions of probation because they are collateral to the crime and not oriented toward rehabilitation. (*People v. Kim* (2011) 193 Cal.App.4th 836, 843; *People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1402-1403, disapproved on other grounds in *People v. Trujillo* (2015) 60 Cal.4th 850, 858, fn. 5.)

---

[*] Before O'Leary, P. J., Bedsworth, J., and Moore, J.

2

DISPOSITION

The judgment is modified to reflect that the $40 per conviction court operations assessment (Pen. Code, § 1465.8) and the $30 per conviction court facilities assessment (Gov. Code, § 70373, subd. (a)(1)) are separate orders and not conditions of probation.  As modified, the judgment is affirmed.