Filed 3/11/15  P. v. Degurse CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JERRY DEGURSE,<br><br>        Defendant and Appellant. | A141824<br><br>(Mendocino County<br>Super. Ct. Nos. SCUKCRCR1476112<br> & SCUKCRCR1375320) |

Defendant Jerry Degurse appeals from a judgment following guilty pleas to felon in possession of ammunition (Pen. Code, § 30305, subd. (a)(1))[1] (case No. 1375320), attempted grand theft (§§ 664, 487, subd. (a)) and receiving stolen property (§ 496) (case No. 1476112).  He admitted the latter offenses occurred while he was released on his own recognizance in an earlier case.  In accordance with the negotiated disposition, defendant was placed on probation subject to numerous terms and conditions.  Defendant raises three issues on appeal:  (1) the no alcohol condition should be modified to include a requirement that he have knowledge that the prohibited places be ones where alcohol is the chief item of sale; (2) the trial court erred in ordering payment of a court security fee (§ 1465.8) and a criminal conviction fee (Gov. Code, § 70373) as conditions of

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

1

probation; and (3) the court erred in imposing a $50, rather than $30, collection fee for installment payment of fines and assessments (Pen. Code, § 1205, subd. (e)).[2]

The Attorney General does not dispute that the no alcohol condition may be properly modified to include a knowledge requirement. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 891–892 [addition of knowledge requirement resolved constitutional vagueness and overbreadth concerns]; *People v. Lopez* (1998) 66 Cal.App.4th 615, 628–629 [same; knowledge of gang membership]; see generally *People v. Kim* (2011) 193 Cal.App.4th 836, 843–845 (*Kim*).) We agree and order the condition modified as set forth in the disposition.

The Attorney General also concedes the court security fee (§ 1465.8) and criminal conviction fee (Gov. Code, § 70373) cannot properly be imposed as terms of probation. Rather, they are "collateral" items and should be separately assessed. (*Kim, supra,* 193 Cal.App.4th at pp. 842–843; *People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1402–1403, disapproved on another ground in *People v. McCullough* (2013) 56 Cal.4th 589, 599.) We agree and order these fees, as well as the collection fee assessed pursuant to section 1205, subdivision (e), stricken as probation conditions and imposed as separate items. (*Kim, supra,* 193 Cal.App.4th at pp. 847–848.)

As to the amount of the collection fee, the Attorney General maintains the trial court properly imposed a $50 fee. We agree. The $30 dollar maximum fee set by section 1205, subdivision (e), and which defendant cites, applies to the administrative processing fee that may be collected when fines and assessments are "*not* to be paid in installments." (*Ibid.*, italics added.) Otherwise, the fee for installment payments "shall equal the administrative and clerical costs, as determined by the board of supervisors, or by the court, depending on which entity administers the account." (*Ibid.*) Defendant makes no argument the $50 fee does not satisfy this requirement. Nor did he make any such objection at sentencing and therefore has waived the issue. (See *People v. Aguilar*

---

[2] We conclude this matter is proper for disposition by memorandum opinion in accordance with California Rules of Court standard 8.1.

(2015) 60 Cal.4th 862; *People v. Trujillo* (2015) 60 Cal.4th 850; *People v. McCullough, supra*, 56 Cal.4th 589.)

## DISPOSITION

Probation condition No. 9 is modified to read as follows: "You shall totally abstain from consuming all alcoholic beverages. You shall not enter any place where you know alcohol is the chief item of sale; nor shall you knowingly purchase, possess, or have under your control at any time, any alcoholic beverage." The court's "Order of Probation" dated April 1, 2014 (and filed May 9, 2014) is modified to reflect that the court security fee imposed under Penal Code section 1465.8, the criminal conviction fee imposed under Government Code section 70373, and the installment collection fee imposed under Penal Code section 1205, subdivision (e), are separate orders and not conditions of probation. As so modified, the judgment is affirmed.[3]

---

[3] There is no abstract of judgment or minutes in the record that also specifically provide that these fees are probation conditions, so no further modification of the record is required.

                                             _____

                                             Banke, J.

We concur:


_____

Humes, P. J.


_____

Margulies, J.