Filed 11/19/21  P. v. Sherry CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ARTIEREY AGUILAR SHERRY,<br><br>    Defendant and Appellant. | H047497<br>(Santa Clara County<br> Super. Ct. No. C1899674) |

## I.  INTRODUCTION

Defendant Artierey Aguilar Sherry pleaded no contest to carrying a loaded firearm (Pen. Code, § 25850, subd. (a))[1] and voluntary manslaughter (§ 192, subd. (a)).  Regarding the voluntary manslaughter count, he also admitted that he carried a firearm during the commission of a street-gang-related crime (§ 12021.5, subd. (a)).  The trial court sentenced defendant to 14 years 8 months in prison.  The court ordered him to pay a restitution fine in the amount of $8,400 (Pen. Code, § 1202.4, subd. (b)(2)) over an inability-to-pay objection, a suspended restitution fine in the same amount (Pen. Code, § 1202.45), an $80 court security fee (Pen. Code, § 1465.8), a $60 court facilities assessment (Gov. Code, § 70373), and a $129.75 criminal justice administration fee (former Gov. Code §§ 29550-29550.2).

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

On appeal, defendant contends that he could not pay the amounts, and therefore the order violated his federal and state constitutional rights to due process, equal protection, and the ban against excessive fines.

For reasons that we will explain, we determine that defendant fails to show error in the imposition of the ordered amounts. We will, however, (1) vacate the portion of the $129.75 criminal justice administration fee that remained unpaid as of July 1, 2021, (2) order the abstract of judgment amended to reflect the vacatur, and (3) affirm the judgment as amended. (See Gov. Code, § 6111, subd. (a).)

## II. BACKGROUND

### A. *The Offenses*[2]

On October 8, 2017, defendant and a codefendant,[3] who were both admitted gang members, pulled up in a vehicle and fired multiple rounds at the victim, who died shortly thereafter. On October 17, 2017, police located defendant in the vehicle with his girlfriend. After the vehicle was impounded, police searched the vehicle and found a loaded pistol with defendant's fingerprints on it. Defendant and the codefendant were arrested in August 2018.

### B. *The Charges and Pleas*

In September 2018, defendant was charged by complaint with murder (§ 187, subd. (a); count 1) and carrying a loaded firearm (§ 25850, subd. (a); count 2). The codefendant was charged with murder and a firearm enhancement by the same complaint.

In September 2019, on motion of the prosecutor, the complaint was amended to add a count 3 against defendant for voluntary manslaughter (§ 192, subd. (a)) with an enhancement for carrying a firearm during the commission of a street-gang-related crime (§ 12021.5, subd. (a)). Defendant pleaded no contest to count 2 and the newly added

---

[2] As defendant was convicted by plea, the facts underlying his offenses are taken from the probation report, which was based on a police report.

[3] The codefendant is not a party to this appeal.

2

count 3, and he admitted the enhancement. He entered his pleas and admission with the understanding that he would receive 14 years 8 months. The remaining count was submitted for dismissal at the time of sentencing.

### C. *The Probation Report*

According to the probation report, defendant was 22 years old. He had been working for his most recent employer from November 2016, until his arrest in August 2018. He was a "team leader on the production line" and was earning $38 per hour. The probation officer recommended that defendant pay various amounts, including a restitution fine of "$8,400 . . . under the formula permitted by Penal Code [s]ection 1202.4[, subdivision] (b)(2),"[4] a suspended restitution fine in the same amount (Pen. Code, § 1202.45), an $80 court security fee (now known as the court operations assessment; Pen. Code, § 1465.8), a $60 court facilities assessment (Gov. Code, § 70373), and a $129.75 criminal justice administration fee (former Gov. Code, §§ 29550-29550.2.)

### D. *Sentencing*

The sentencing hearing was held on October 8, 2019. Defense counsel objected to the $8,400 restitution fine (§ 1202.4, subd. (b)(2)) on the ground that the amount was "excessive." Counsel argued that, pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), an ability to pay finding was required. Counsel requested that the restitution fine be reduced to $300, or that a hearing be held regarding defendant's ability to pay if the court intended to impose a greater amount.

The prosecutor contended that there had to be "a prima facie showing by [d]efense that he's unable to pay before we move forward," and that no information had yet been offered regarding defendant's ability to pay.

---

[4] Section 1202.4, subdivision (b)(2) states: "In setting a felony restitution fine, the court may determine the amount of the fine as the product of the minimum fine . . . multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted." The minimum fine for a felony conviction is $300. (*Id.*, subd. (b)(1).)

3

Defense counsel responded, "As far as the factual finding, I offer to the Court that my client is indigent and does not have an ability to pay." Counsel contended that based on *Dueñas*, defendant was "entitled to a hearing if the Court wanted to proceed on that matter."

The trial court stated, "If you think *Dueñas* is good law. There appears to be some criticism of that."

Defense counsel contended that "the Court still has discretion regardless, even if *Dueñas* wasn't good law, and the $8,400 would still be excessive."

After the parties submitted the matter, the trial court sentenced defendant to 14 years 8 months in prison. The court granted defendant 465 days of custody credits. The remaining count was dismissed. The court made a general order of restitution. The court also ordered defendant to pay, jointly and severally with his codefendant, $500 to one victim and $7,440.25 to the California Victim Compensation Board.

Relevant here, regarding the restitution fine, the trial court stated: "I will use the statutory formula to determine a restitution fine in the amount of $8,400 pursuant to [section] 1202.4, [s]ubdivision (b)[(2)] . . . . [¶] I find that the defendant will be employable in Prison Industries, absent proof of disability. [¶] Further, I don't think the [L]egislature got it wrong. The whole point of the statutory formula was an attempt to eliminate ability-to-pay determinations." The court proceeded to impose the other amounts recommended in the probation report, including a suspended restitution fine in the same amount (Pen. Code, § 1202.45), an $80 court security fee (Pen. Code, § 1465.8), a $60 court facilities assessment (Gov. Code, § 70373), and a $129.75 criminal justice administration fee (former Gov. Code, §§ 29550-29550.2.) At the conclusion of the sentencing hearing, defense counsel again objected to the restitution fine, contending it "would be a due process violation."

### III. DISCUSSION

On appeal, defendant contends that "[t]he trial court ordered [him] to pay various mandatory fees, including a restitution, court security, and court facilities fee, without

4

conducting a hearing and deciding that he can pay these fines and fees." He argues that based on *Dueñas*, the court violated his rights under the due process, equal protection, and excessive fines clauses of the federal and state Constitutions. Although defendant objected only to the restitution fine below, he contends that his claims on appeal regarding the other amounts ordered have not been forfeited, and that, to the extent the claims have been forfeited, his trial counsel rendered ineffective assistance of counsel. Defendant requests that this court "vacate all the fines and fees outside direct restitution and remand for a hearing on the ability to pay the fine."

The Attorney General concedes that the trial court erred by denying defendant an ability to pay hearing regarding the restitution fine, and that the case should be remanded for a hearing on his ability to pay the restitution fine. The Attorney General contends that although defendant forfeited his challenge to the other fines and fees, he can raise those claims in the trial court on remand.

We separately consider the amounts ordered by the trial court. In undertaking our analysis, we are not required to accept the Attorney General's concession that the trial court erred regarding the restitution fine. (See *People v. Kim* (2011) 193 Cal.App.4th 836, 847.)

A. *Restitution Fine*

The trial court ordered defendant to pay an $8,400 restitution fine. Defendant contends that the trial court failed to make an ability to pay determination, that he is entitled to a hearing, and that he lacks an ability to pay the restitution fine.

Where, as here, the trial court considers "setting the amount of the fine . . . in excess of the [$300] minimum fine . . . , the court shall consider any relevant factors, including, but not limited to, the defendant's inability to pay . . . ." (§ 1202.4, subd. (d); see *id.*, subds. (b)(1), (c).) "Consideration of a defendant's inability to pay may include the defendant's future earning capacity." (*Id.*, subd. (d).) Future earning capacity includes the defendant's ability to earn wages in prison and to earn wages after release from custody. (See *People v. Hennessey* (1995) 37 Cal.App.4th 1830, 1837.) " 'Ability to pay does not

5

necessarily require existing employment or cash on hand.' [Citation.]" (*People v. Frye* (1994) 21 Cal.App.4th 1483, 1487.) "A defendant shall bear the burden of demonstrating the defendant's inability to pay. Express findings by the court as to the factors bearing on the amount of the fine shall not be required. A separate hearing for the fine shall not be required." (§ 1202.4, subd. (d).) In *Dueñas*, the appellate court concluded that the execution of a restitution fine under section 1202.4 "must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1164.)

In this case, contrary to defendant's contentions, the record reflects that the trial court considered his inability-to-pay objection at the sentencing hearing and found that he had an ability to pay. Specifically, the court heard argument from defense counsel regarding defendant's claimed inability to pay, as well as counsel's proffer that defendant was indigent. The court subsequently made an ability to pay determination when it stated, "I find that the defendant will be employable in Prison Industries, absent proof of disability." Although the court later stated that "[t]he whole point of the statutory formula was an attempt to eliminate ability-to-pay determinations," the court nevertheless made an ability to pay finding when it referred to defendant's future earning capacity. (See § 1202.4, subd. (d) [future earning capacity is relevant consideration].) Defendant was not entitled to a separate hearing on the matter. (§ 1202.4, subd. (d).)

Further, the record in this case reflects that defendant was only 22 years old at the time of sentencing. He had been working for his most recent employer for more than one and a half years and was in a leadership position earning $38 per hour. The trial court also had the opportunity to observe defendant at the sentencing hearing before imposing the restitution fine. (See *People v. Staley* (1992) 10 Cal.App.4th 782, 786.) The court was in the best position to evaluate defendant's physical condition in relation to his ability to work and earn wages in the future. (See *ibid*.)

Defendant contends that he will not be able to satisfy the ordered amounts with prison wages. The court in *People v. Ramirez* (1995) 39 Cal.App.4th 1369 rejected a similar contention, stating, "Appellant correctly notes that he will be unable to pay the entire fine out of his prison wages even if he works at the highest prison wage scale for the entire nine-year term. However, the probation report indicates that appellant has been employed in the past. There is no evidence that he is physically or mentally unable to find legitimate employment upon completion of his sentence. We conclude therefore that the trial court's implied finding of ability to pay is supported by the evidence." (*Id.* at p. 1377.) We reach the same conclusion in this case based on the trial court's statement, "I find that the defendant will be employable in Prison Industries, absent proof of disability." The trial court rejected defendant's request to reduce the restitution fine to the statutory minimum, and defendant was not entitled to a separate hearing on the issue of ability to pay. (§ 1202.4, subd. (d).)

In sum, defendant fails to demonstrate that the trial court erred by imposing the restitution fine.

### B. *Court Security Fee and Court Operations Assessment*

The trial court ordered defendant to pay an $80 court security fee (Pen. Code, § 1465.8) and a $60 court facilities assessment (Gov. Code, § 70373). Although defendant did not specifically object to these amounts below on the ground of inability to pay, he contends that his claim on appeal has not been forfeited and that, to the extent the claim has been forfeited, his trial counsel rendered ineffective assistance of counsel.

Regardless of whether the claim has been preserved, or whether we address it within the context of defendant's claim of ineffective assistance of counsel, we find no merit in defendant's inability to pay claim. The court security fee and the court facilities assessment are mandated by statute. (Pen. Code, § 1465.8, subd. (a)(1) [court operations assessment of $40 "shall be imposed on every conviction"]; Gov. Code, § 70373, subd. (a)(1) [court facilities assessment of $30 "shall be imposed on every conviction"].) Those statutes

7

require imposition of the assessments without regard to a defendant's ability to pay. (*People v. Kim* (2011) 193 Cal.App.4th 836, 842; see *People v. Woods* (2010) 191 Cal.App.4th 269, 272.)

In *Dueñas*, however, the appellate court concluded that imposition of the court security fee (Pen. Code, § 1465.8) and court facilities assessment (Gov. Code, § 70373) without a determination of the defendant's ability to pay was "fundamentally unfair" and violated due process under the federal and California Constitutions. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1168.)[5] The Courts of Appeal, including panels of our own court, have reached conflicting conclusions on whether *Dueñas* was correctly decided. (See, e.g., *People v. Santos* (2019) 38 Cal.App.5th 923, 926-927 [applying "the principles articulated [in *Dueñas*]"]; *id.* at pp. 935-939 (dis. opn. of Elia, J.); *People v. Adams* (2020) 44 Cal.App.5th 828, 832 [concluding that "*Dueñas* was wrongly decided"]; *id.* at pp. 832-833 (dis. opn. of Premo, J.); *People v. Petri* (2020) 45 Cal.App.5th 82, 90 [finding that *Dueñas* was not "persuasive"]; *id.* at p. 95 (dis. opn. of Premo, J.).) The issue of whether an ability to pay determination must be made is currently pending before the California Supreme Court. (See, e.g., *People v. Kopp* (2019) 38 Cal.App.5th 47, 95 (*Kopp*) [agreeing with *Dueñas* that due process requires an ability to pay determination before imposition of court operations or court facilities assessment], review granted Nov. 13, 2019, S257844).

While we await the California Supreme Court's decision in *Kopp*, we need not address in this case whether *Dueñas* was correctly decided. Even assuming defendant was entitled to an ability to pay determination under *Dueñas* regarding the court security fee and the court facilities assessment, we would find the claimed error in failing to make such a

---

[5] The appellate court in *Dueñas* "consider[ed] the [ability to pay] issue one of due process." (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1168, fn. 4.) The court in footnotes also briefly referred to equal protection (*ibid.*) and the ban against excessive fines (*id.* at p. 1171, fn. 8). In this case, although defendant generally refers to the equal protection and excessive fines clauses, he does not undertake an analysis separate from the due process analysis contained in *Dueñas*.

determination harmless.  In view of the trial court's determination that defendant had the ability to pay the $8,400 restitution fine, the court necessarily would have reached the same determination regarding the significantly smaller $80 court security fee and $60 court facilities assessment.

### C. *Criminal Justice Administration Fee*

The trial court imposed a $129.75 criminal justice administration fee.  When imposing fines and fees at sentencing, the trial court indicated that it was adopting the statutory bases set forth in the probation report.  The probation report, in turn, referred to three statutes as the basis for the criminal justice administration fee:  former Government Code sections 29550, 29550.1, and 29550.2.  The probation report and the trial court also specified, however, that the fee was to be paid to the City of San Jose, so we presume that the statutory basis for the fee was former Government Code section 29550.1, which entitles cities to recover a criminal justice administration fee.  Former Government Code section 29550.1, which was in effect at the time of defendant's offenses and at the time of sentencing, and which authorizes the imposition of the criminal justice administration fee, did not include an ability to pay requirement.  *Dueñas* did not address criminal justice administration fees.

Even assuming, however, that defendant was entitled to an ability to pay determination under *Dueñas* regarding the criminal justice administration fee, we would find the claimed error in failing to make such a determination harmless.  In view of the trial court's determination that defendant had the ability to pay the $8,400 restitution fine, the court necessarily would have reached the same determination regarding the significantly smaller $129.75 criminal justice administration fee.

The Attorney General observes that newly effective Government Code section 6111 states:  "On and after July 1, 2021, the unpaid balance of any court-imposed costs pursuant to . . . subdivision (c) or (f) of Section 29550, and Sections 29550.1, 29550.2, and 29550.3, as those sections read on June 30, 2021, is unenforceable and uncollectible and any portion

9

of a judgment imposing those costs shall be vacated." (*Id.*, subd. (a).) In other words, "by its plain terms," Government Code section 6111 "make[s] any unpaid portion of the identified assessments, as they existed on June 30, 2021, 'unenforceable and uncollectible' as of July 1, 2021. [Citation.]" (*People v. Greeley* (2021) 70 Cal.App.5th 609, 626.) Further, "the statute *also* mandates that any portion of a judgment imposing those fees be vacated. Accordingly, based on the plain language of the statute, the unpaid balance of the . . . criminal justice administration fee[] must be vacated." (*Id.* at pp. 626-627, fns. omitted.)

## IV. DISPOSITION

The portion of the $129.75 criminal justice administration fee that remained unpaid as of July 1, 2021, is vacated. The clerk of the superior court is directed to amend the abstract of judgment to reflect the vacatur of any balance of the criminal justice administration fee that remained unpaid as of July 1, 2021. The clerk shall forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. As amended, the judgment is affirmed.

_____

BAMATTRE-MANOUKIAN, J.


WE CONCUR:


_____

ELIA, ACTING P.J.


_____

WILSON, J.

*People v. Sherry*
**H047497**