Filed 1/14/16  P. v. Vargas CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H041094 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. F1450225) |
| v. | |
| YARELI VARGAS, | |
| Defendant and Appellant. | |

In exchange for a grant of felony probation with six months custody time, defendant Yareli Vargas waived her right to a preliminary examination and trial, and pleaded no contest to having sexual intercourse with a minor more than three years her junior (count 1; Pen. Code, §261.5, subd. (c)), possessing methamphetamine (count 2; Health & Saf. Code, § 11377, subd. (a)), and the misdemeanor of possessing the controlled substance Vicodin without a prescription (count 3; Bus. & Prof. Code, § 4060).  She also admitted violating probation in another case.  Defendant and the prosecutor waived a full probation report. [1]

---

[1] Due to the lack of a preliminary hearing and a complete probation report, the complaint and amended complaint provide the only details of the crimes.  In signing the waiver of rights form, the trial court found a factual basis for the plea.  Defense counsel stipulated in writing to a factual basis.  Defense counsel's stipulation did not refer to any document containing the facts and the trial court, in taking defendant's no contest pleas, did not inquire about the factual basis. (Pen. Code, § 1192.5.)

On appeal defendant challenges one probation condition that provides, "She may not possess or use illegal drugs or go to places where they're used or sold."[2] She contends this condition is unconstitutionally vague and overbroad due to its lack of an express knowledge requirement. The Attorney General contends that a knowledge component is implicit in possession, but concedes that the location prohibition requires an express knowledge element. For the reasons stated below, we will accept the Attorney General's concession and will affirm the judgment as modified.

In the waived referral probation report, among 17 recommended probation conditions was "[t]he defendant shall not possess or use illegal drugs or illegal controlled substances or go anywhere he/she knows illegal drugs or non-prescribed controlled substances are used or sold." At sentencing, the court announced its "intention to follow through with the negotiated disposition of six months, including the [violation of probation], plus the other helpful conditions of probation." The court orally imposed the challenged condition without including the recommended knowledge element. Defendant did not object to any of the terms and conditions of probation.

## DISCUSSION

In *People v. Rodriguez* (2013) 222 Cal.App.4th 578, on which the Attorney General relies, this court recognized that we may review the constitutionality of probation conditions for the first time on appeal. (*Id.* at p. 585.) One of the conditions at issue in *Rodriguez* was much like the one challenged here. We adhere to the conclusions of *Rodriguez* without restating the reasoning.

---

[2] Defendant's opening brief challenged imposition of a probation supervision fee not to exceed $110 monthly, but by letter she has since properly conceded that the contention is forfeited in light of recent decisions in *People v. Trujillo* (2015) 60 Cal.4th 850 and *People v. Aguilar* (2015) 60 Cal.4th 862.

*Possession and Use*

A reasonable reader would understand a probation condition prohibiting possession and consumption of illegal drugs as mirroring provisions of California's Uniform Controlled Substances Act (Health & Saf. Code, § 11000, et seq.). Case law has identified knowledge elements as implicit in statutes prohibiting possession of controlled substances. When a probation condition reinforces a probationer's obligations under the California Uniform Controlled Substances Act, we understand the condition to include the same implicit knowledge elements as the underlying statutes. (*Rodriguez*, *supra*, 222 Cal.App.4th at p. 593.) The implicit knowledge component is constitutionally clear in the challenged condition without being express. (*Id.* at p. 592.)

*Places Where Drugs are Used or Sold*

While the Controlled Substances Act prohibits possession of controlled substances, it does not prohibit mere physical proximity to them. In *People v. Kim* (2011) 193 Cal.App.4th 836, this court noted that express knowledge elements have been added to conditions prohibiting presence in locations where prohibited activity may not be obvious to all. (*Id.* at p. 845.) Although all alleged violations of probation conditions must be shown to be willful (*People v Cervantes* (2009) 175 Cal.App.4th 291, 295), adding an express knowledge requirement to this aspect of the probation condition will ensure that the condition is sufficiently precise for defendant to know what conduct is prohibited and for a court to determine when the condition has been violated. (*In re Sheena K*. (2007) 40 Cal.4th 875, 890.)

## DISPOSITION

The challenged probation condition is ordered modified to provide "Defendant may not possess or use illegal drugs or go to places where she knows or should know they are used or sold." As so modified, the judgment is affirmed.

_____

Grover, J.

**WE CONCUR:**



_____

Rushing, P.J.



_____

Márquez, J.



*The People v Vargas*
**H041094**