Filed 6/14/22  P. v. Guy CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>DOUGLAS JAMES GUY,<br><br>        Defendant and Appellant. | C094313<br><br>(Super. Ct. No. MANCRFE20210000055) |

F.**1** testified at trial that she and her husband M. had rented their residential property multiple times over the course of 30 years to defendant Douglas James Guy and his mother, most recently for a few months starting in 2016.  During the most recent tenancy, F. and M. received complaints about defendant from the neighbors which caused them to evict defendant and his mother in May 2017.  On the day of the eviction, defendant and his mother showed up unannounced at F.'s rental property, even though police had said they needed to make an appointment to retrieve their belongings.  Defendant started yelling at F., so she called the police.  Defendant grew so mad that he jumped over the gate, threatened to kill F. if she touched his belongings, pushed her, and tried to grab her phone.  Defendant and his mother then left.

---

**1**      Pursuant to California Rules of Court, rule 8.90, governing "Privacy in opinions," we refer to the victims with the initial of their first names only.

1

In October 2020, defendant called F. and left a voice message calling her names, saying she was "begging for it" and was "gonna burn in hell." A recording of the message was played for the jury.

One afternoon in December 2020, defendant called F. and asked "Who wants to die?" "Who in your family [wants to] die? You want to die? You want to die?" When F. asked defendant what he was talking about, defendant responded, "Is your daughter going to die? Is your daughter going to die? Does she want to die?" A recording of the call was played for the jury.

Scared and upset, F. called the police. An officer arrived within 30 minutes. F. then realized that a friend's car parked in her backyard was on fire, so she called 911 again. M. and a neighbor both testified they saw defendant running away from the scene.

Defendant was charged with arson and felony making criminal threats. In April 2021, a jury found defendant guilty of making criminal threats.

During the June 2021 sentencing hearing, the trial court denied defendant's motion to reduce the criminal threats conviction to a misdemeanor. The court suspended imposition of sentence and ordered two years of probation with one year in jail. The court also imposed a $300 restitution fine, a corresponding $300 probation revocation fine (suspended unless probation is revoked), a $40 court operations fee, a $30 criminal conviction assessment fee, and a $30 penalty surcharge.

Defendant's conditions of probation list two charges against defendant, and state that the court operations fee imposed was "$40" and "$80", and the conviction assessment fee was "$30" and "$60."

Defendant timely appealed.

DISCUSSION

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of his right

2

to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Our review of the record revealed that the judgment must be modified based on a new law that favors defendant. During the sentencing hearing, the trial court imposed a 10 percent collection fee for the $300 restitution fine under Penal Code[2] section 1202.4. At the time of the sentencing hearing, this fee was permitted under former section 1202.4, subdivision (l), which stated: "At its discretion, the board of supervisors of a county may impose a fee to cover the actual administrative cost of collecting the restitution fine, not to exceed 10 percent of the amount ordered to be paid, to be added to the restitution fine and included in the order of the court, the proceeds of which shall be deposited in the general fund of the county."

In September 2021, while this appeal was pending, the Legislature enacted Assembly Bill No. 177 (2021-2022 Reg. Sess.), which repealed and re-enacted section 1202.4, effective January 1, 2022; the re-enacted statute eliminated subdivision (l). (Stats. 2021, ch. 257, §§ 19-20.) Assembly Bill No. 177 also amended section 1465.9, subdivision (b), which states, in relevant part: "On and after January 1, 2022 the balance of any court-imposed costs pursuant to Section . . . 1202.4 . . . , as [that section] read on December 31, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Stats. 2021, ch. 257, § 35.) Accordingly, the balance of the collection fee imposed by the court is now unenforceable and uncollectible, and defendant is entitled to have the fee vacated. (See *People v. Clark* (2021) 67 Cal.App.5th 248, 259-260 [construing similar language in Assembly Bill No. 1869 (2019-2020 Reg. Sess.) to vacate fee].)

---

[2]    Further undesignated code references are to this code.

We will further modify the judgment given that it is improper to include a court operations fee or conviction assessment fee as a condition of probation. (*People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1402 [court operations fee (§ 1465.8) is not properly included as a condition of probation], disapproved on other grounds in *People v. Trujillo* (2015) 60 Cal.4th 850, 858, fn. 5; *People v. Kim* (2011) 193 Cal.App.4th 836, 842-843 [conviction assessment (Gov. Code, § 70373) is not properly included as a condition of probation].) On remand, the trial court should ensure that the conditions of probation do not erroneously include fees and costs that are "collateral to [defendant's] crimes and punishment." (*Pacheco*, at p. 1402.)

We have undertaken an examination of the entire record and find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is modified to delete the $30 criminal conviction fee and $40 court operations fee as conditions of probation, and instead, if the court is so inclined, order them to be paid in a separate order. The judgment is further modified to vacate any uncollected portion of the 10 percent collection fee imposed under former section 1202.4, subdivision (l). As modified, the judgment is affirmed. The trial court is directed to prepare a corrected probation conditions order and notify the appropriate authorities regarding the modifications to defendant's probation.

> /s/\
> Robie, Acting P. J.

We concur:

/s/\
Mauro, J.

/s/\
Earl, J.

4