Filed 12/4/24  P. v. Carter CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>KYRIN DUQUAN CARTER,<br><br>        Defendant and Appellant. | C098816<br><br>(Super. Ct. No. 22FE005128) |

Appointed counsel for defendant Kyrin Duquan Carter asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We asked the parties to provide supplemental briefing as to whether defendant is entitled to additional custody credits.  Having reviewed the supplemental briefing and the record as required by *Wende*, we will direct the trial court to modify the sentencing order with respect to certain fines and fees and affirm as modified.

FACTUAL AND PROCEDURAL BACKGROUND

In March 2022, defendant resisted a police officer.  Defendant was subsequently charged in case No. 22FE005128 (case No. 5128) with felony resisting a law enforcement officer.  (Pen. Code,[1] § 69.)

---

[1] Undesignated statutory references are to the Penal Code.

1

On September 6, 2022, as part of a global plea deal resolving nine cases, defendant pleaded no contest in case No. 5128 to violating section 69 in exchange for being placed on probation. Defendant agreed to participate in a treatment program and, if he was unsuccessful in the program, he would have to serve 364 days in custody. Defendant also pleaded no contest in one misdemeanor case to one count of misdemeanor vandalism (§ 594), no contest in a second misdemeanor case to one count of interfering with peaceful conduct on campus (§ 626.6), and no contest in a third misdemeanor case to one count of trespass (§ 602) (the misdemeanor cases, collectively). The remaining charges were dismissed. Since defendant had served 164 days, the trial court explained defendant would receive 160 days of credit on the misdemeanor cases and four days of credit on case No. 5128. The prosecution agreed, defense counsel stated defendant was "agreeable," and defendant said he understood.

The trial court suspended imposition of sentence in case No. 5128 and placed defendant on two years' probation. In the misdemeanor cases, the trial court sentenced defendant to 160 days and awarded him 160 days of custody credit.

During the hearing, defendant agreed he had reviewed the written probation conditions for case No. 5128. The conditions required defendant to seek and obtain professional counseling through and under the direction of the probation officer, as well as comply with any special conditions of probation as ordered by the court or the probation officer. In addition, defendant was required to pay a $300 restitution fine (§ 1202.4), a corresponding $300 probation revocation fine (suspended unless probation is revoked) (§ 1202.44), a $30 criminal conviction assessment fee (Gov. Code, § 70373), and a $96 state surcharge representing 20 percent of the base fine (§ 1465.7, subd. (a)). The document also stated that the court imposed a $40 court operations fee (§ 1465.8, subd. (a)(1)), although not as a condition of probation. The conditions further stated that defendant would receive credit for time served of four days.

Defendant was initially released to the agreed-upon treatment program, and subsequently moved to a different program in October 2022. In November 2022, it was

2

alleged defendant violated the terms of his probation by leaving the second treatment program, failing to keep the probation officer notified of his whereabouts, and failing to obey all laws.

On November 30, 2022, the court arraigned defendant on a violation of probation allegation. Defendant failed to appear, and the trial court issued a bench warrant and revoked probation. During the next hearing on January 24, 2023, defendant again failed to appear, and the trial court again revoked probation. In February 2023, the trial court found it was unable to determine victim restitution pursuant to section 1202.4, subdivision (f).

The record contains a copy of a custody credit calculation from the local "Sheriff's Office" reflecting that, in addition to the 164 days defendant spent in jail between March 27 and September 6, 2022, defendant was also in custody for 49 days between February 24 and April 13, 2023, meaning he had been in custody for a total of 213 days.

During a hearing on April 13, 2023, the trial court noted defendant had left the treatment program and there was no good explanation as to why. Apparently finding defendant had violated probation and then revoking and reinstating probation, the court lifted the stay on the 364-day county jail term that was a condition of defendant's probation. The court awarded 105 days of custody credit, calculated as follows: four days of actual credit and four days of conduct credit for the remaining time served prior to the September 2022 probation order, plus 49 days of actual credit and 48 days of conduct credit for the time served between February and April 2023.

Defendant did not obtain a certificate of probable cause on appeal. Although his notice of appeal lists two of the misdemeanor cases (20MI008380 & 22MI003987), the notice was filed in June 2023, long after the 30-day appeal deadline had passed for the September 6, 2022, judgment on the misdemeanors. (Cal. Rules of Court, rule 8.853(a).) As such, the misdemeanor cases are not at issue in this appeal.

In November 2023, appellate counsel sent a letter to the trial court pursuant to section 1237.2 and *People v. Fares* (1993) 16 Cal.App.4th 954 requesting additional presentence credits. Specifically, appellate counsel argued defendant was entitled to 164

3

days of additional conduct credit for his time in custody between March and September 2022. The trial court responded in December 2023 that the credit calculations in the record were correct. This court granted appellate counsel's request for a stay to resolve the issue. Appellate counsel continued to contact the trial court for additional information but did not hear back. In July 2024, appellate counsel informed the court he had sent another letter to the trial court requesting more information, but the trial court did not respond. Appellate counsel further noted that he believed defendant was out of custody on the case, and this court vacated the stay on the appeal.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at p. 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

### 1. Custody Credits

We turn first to the issue of custody credits. It is the duty of the sentencing court to calculate the presentence actual credit and presentence conduct credit to which a defendant is entitled, and to record the total credits allowed on the abstract of judgment. (§§ 2900.5, subds. (a) & (d), 4019; *People v. Black* (2009) 176 Cal.App.4th 145, 154; see also Cal. Rules of Court, rules 4.310 & 4.472.) In all felony and misdemeanor convictions, the court must calculate and award credit for the actual number of days plus two days of conduct credit for every two days the defendant spent in custody prior to sentencing (unless there is evidence defendant refused to perform assigned labor or failed to comply with the jail's rules and regulations). (§§ 2900.5, subd. (a), 4019, subds. (a)(2), (b)-(f).) This calculation is required when a defendant is confined to a county jail as a condition of probation after suspension of imposition of a sentence. (§§ 2900.5, subds. (a) & (c), 4019, subd. (a)(2).)

In his supplemental brief, defendant notes that he had been in custody for a total of 213 days (164 days between March and September 2022, plus 49 days between February

4

and April 2023) when the trial court ordered defendant to serve the 364-day jail term and awarded defendant 105 days of custody credit (four days of actual credit and four days of conduct credit for the remaining time served prior to the September 2022 probation order, plus 49 days of actual credit and 48 days of conduct credit for the time served between February and April 2023). According to defendant, the trial court erred because, although it awarded 160 actual days of credit on the misdemeanor cases, it never awarded any conduct credit for those days. Defendant further argues he never received conduct credit for the four actual days remaining from the time served prior to September 2022. He contends he is now entitled to 164 days of additional conduct credit.

The People respond that, although the trial court should have used a different formula to calculate the total custody credits, the trial court ultimately awarded the correct amount of custody credits. The People note that the 160 days had already been credited to other matters, meaning defendant was entitled only to credit based on four actual days plus 49 actual days. Still, the People argue, the trial court should have first added the total number of actual days together (i.e., four days plus 49 days for 53 days) and then calculated the conduct credit (i.e., 52 days), rather than calculate the conduct credits separately on the four days and the 49 days. (*People v. McKenzie* (2018) 25 Cal.App.5th 1207, 1212 [for purposes of calculating presentence custody credit, time is cumulative].) Regardless, argue the People, the trial court still reached the correct total of 105 days (53 actual days plus 52 conduct days).

We agree with the People that the trial court's award of custody credit is ultimately correct, albeit for somewhat different reasons. During the September 2022 plea hearing, the court explained that defendant was entitled to 164 days of credit, and 160 days would go on the misdemeanor cases and the remaining four days would go on case No. 5128. The People agreed, defense counsel said defendant was "agreeable" to this credit allocation, and defendant reiterated he understood. In addition, defendant's probation conditions, which he agreed he had reviewed, also stated that defendant would receive only four days of credit on case No. 5128. Under the circumstances, we conclude defendant agreed to the allocation of

5

custody credits as part of his plea deal that resolved the nine cases pending against him. (*People v. West* (1970) 3 Cal.3d 595, 610 [terms of plea bargain may be stated orally and recorded by the court reporter].)

Even if the trial court should have allocated the custody credits differently between the misdemeanor cases and the instant case, defendant is bound by his agreement. (See *People v. Panizzon* (1996) 13 Cal.4th 68, 80 [both parties must abide by the terms of a plea agreement].) Moreover, since the custody credit allocation was part of his plea agreement, the issue is not cognizable in this appeal because defendant here did not obtain a certificate of probable cause. (*People v. French* (2008) 43 Cal.4th 36, 44 [a certificate of probable cause is required where a defendant is in substance challenging the validity of his plea].)

2. Fines and Fees

Turning next to the issue of fines and fees, our review of the record revealed that the trial court ordered as conditions of probation that defendant pay: (1) a $30 criminal conviction assessment fee (Gov. Code, § 70373) and (2) a $96 state surcharge (representing 20 percent of the base fine) (§ 1465.7, subd. (a)). It was error for the trial court to require the payment of the conviction fee as a probation condition. (*People v. Kim* (2011) 193 Cal.App.4th 836, 842-843.) We will direct the modification of the sentencing order to reflect the imposition of the $30 conviction fee was separately imposed and is not a condition of probation.

As to the state surcharge, section 1465.7 requires a 20 percent surcharge to be levied on the base fine. (§ 1465.7, subd. (a).) Although the trial court calculated the surcharge amount to be $96, there is no indication in the record that any base fine was imposed. We will therefore direct the court to modify the sentencing order to strike this fee.[2]

---

[2] We note that, in his supplemental briefing, defendant challenges the state surcharge fee because the trial court did not orally impose it. Given our conclusions regarding this fee, we need not reach this issue.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

We direct the trial court to modify the sentencing order of September 6, 2022, to: (1) strike the state surcharge (§ 1465.7, subd. (a)) and (2) reflect the imposition of the $30 conviction fee (Gov. Code, § 70373).  The conviction fee is to be separately imposed and is not a condition of probation.  The trial court shall provide the probation department with the modified sentencing order and ensure that defendant's probation conditions do not include the $30 conviction fee (Gov. Code, § 70373) as a condition of probation.  The judgment is otherwise affirmed.


  /s/
WISEMAN, J.*


We concur:


  /s/
HULL, Acting P. J.


  /s/
FEINBERG, J.


---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7