Filed 3/27/26  P. v. Lobsien CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JEFFERY KURTIS LOBSIEN,<br><br>Defendant and Appellant. | C104623<br><br>(Super. Ct. No. 24CR1918) |

Appointed counsel for defendant Jeffery Kurtis Lobsien asks this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We will affirm.

## I.  BACKGROUND

Defendant texted the victim threatening messages in violation of a no contact order.  In December 2024, the People charged defendant by information with criminal

threats (Pen. Code, § 422, subd. (a))[1] and misdemeanor contact by electronic communication device with intent to annoy (§ 653m, subd. (b)).

In March 2025, the trial court suspended proceedings under section 1368 after it found defendant incompetent to stand trial. Prior to being transferred to the Department of State Hospitals, defendant requested a *Marsden*[2] hearing, which the trial court denied because the proceedings had been suspended under section 1368.

In June 2025, the trial court found defendant was returned to competency and reinstated the criminal proceedings. Defendant pled guilty to criminal threats and violation of a court order. (§ 273.6.) The trial court amended the information to conform to defendant's plea.

In July 2025, the trial court ordered defendant to three years of formal probation and 180 days in county jail. The court awarded defendant 468 days of custody credits. It then asked the parties if they wanted to "waive formal reading of the remaining terms, conditions, fines, fees, et cetera?" Both parties responded, "Yes." The minute order indicates the court adopted the probation report as if read into the record in its entirety and incorporated conditions into the sentence.

The order granting probation included the following fines and fees as conditions of probation: an $80 court operations assessment (§ 1465.8, subd. (a)(1)), a $60 criminal conviction assessment (Gov. Code, § 70373), a $300 restitution fine (§ 1202.4, subd. (b)), a corresponding $300 probation revocation fine (suspended unless parole is revoked) (§ 1202.44), a $500 domestic violence fee (§ 1203.097, subd. (a)(5)(A)), and a $200 domestic violence shelter fee (§ 1203.097, subd. (a)(11)). Defendant signed the probation order indicating that he had read the order (or had it read to him), understood

---

[1] Further undesignated statutory references are to the Penal Code.

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

2

what it said, and agreed to comply with its terms. Neither party objected to the terms of the probation order.

Defendant filed a timely notice of appeal and obtained a certificate of probable cause.

## II. DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. Our review has found errors in the imposition of certain assessments.

The probation order includes a $80 court operations assessment (§ 1465.8) and a $60 conviction assessment (Gov. Code, § 70373) as conditions of probation. These fees are not punishment and cannot be included as terms of probation; rather, they should have been separately ordered. (*People v. Kim* (2011) 193 Cal.App.4th 836, 842-843 [conviction and court operation assessments are not properly included as a condition of probation], citing *People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1402, disapproved on other grounds in *People v. Trujillo* (2015) 60 Cal.4th 850, 858, fn. 5.) We will modify the judgment to reflect that the $80 court operations assessment and $60 conviction assessment are separately imposed and are not conditions of probation.

Finding no other arguable errors that are favorable to defendant, we will affirm the judgment as modified.

## III. DISPOSITION

The judgment is modified to reflect that the $80 court operations assessment (§ 1465.8) and $60 conviction assessment (Gov. Code, § 70373) are separately imposed and are not conditions of probation. The trial court is directed to amend the probation

3

order consistent with this opinion and provide a copy to the probation department.  As modified, the judgment is affirmed.

/S/

_____
RENNER, J.

We concur:

/S/

_____
DUARTE, Acting P. J.

/S/

_____
WISEMAN, J.*

_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.